UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-CV-60931

JEFFERY D. BIANCHI,

    Plaintiff,

v.

P&B CAPITAL GROUP, LLC,

    Defendant.
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW, Defendant P&B CAPITAL GROUP, LLC, (hereinafter, "P&B"), and files this Reply to Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment pursuant to FRCP 56 and local Rule 7.1 and states:

**I. Legal Arguments.**

    **1. Defendant is entitled to summary judgment on its bona fide error defense with regard to Plaintiff's FDCPA Claims in Counts I and II.**

As described in Defendant's Motion for Partial Summary Judgment [DE 22], Defendant is entitled to the defense of bona fide error under 15 U.S.C. §1692k(c) for both Counts I and II, as the alleged violations were unintentional and made notwithstanding reasonable procedures in place to prevent the alleged violations.

In support of its bona fide error defense, Defendant has described in detail both the general procedures it implements and maintains to ensure compliance with all requirements of the FDCPA, as well as specific procedures it has in place that are reasonably adapted to prevent the specific error at issue. *See*, Defendant's Motion for

Partial Summary Judgment [DE 22], at page 8 – 10. In his reply, Plaintiff describes Defendants enumeration of its general FDCPA compliance procedures as "fluff". *See* Plaintiff's Reply [DE 28] at page 2. The Plaintiff's contention that the general procedures implemented by the Defendant are irrelevant to its bona fide error defense ignores the fact that the procedures component of the bona fide error defense is two-fold. The procedural prong requires that the Defendant first establish that it maintains procedures to prevent errors in general, and then that it also has procedures reasonably adapted to prevent the specific error at issue. *See; Johnson v. Riddle,* 443 F.3d 723, 729 (10th Cir. 2006); *Jenkins v. Heintz,* 124 F.3d 824, 834 (7th Cir. 1997).

The Plaintiff further asserts that the Defendant does not, and could not, satisfy the elements of the bona fide error defense because the Defendant's "conduct was intentional". *See* Plaintiff's Reply [DE 28] at page 3. The Plaintiff has misread the statute. 15 USC §1692k(c) provides that "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the _violation_ was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." (Emphasis added). Plaintiff cites *Edwards v. Niagara Credit Solutions*, 584 F.3d 1350 (11th Cir. 2009) in support of the assertion that when a debt collector intentionally leaves a pre-recorded message which violates the FDCPA, they are not entitled to the bona fide error defense. *Edwards* is factually distinct from the instant case and in fact, supports Defendant's position.

In *Edwards*, the defendant debt collector maintained a policy of purposefully omitting a required FDCPA disclosure, in order to avoid a possible violation of an

alternate section of the FDCPA. *Id* at 1351. This policy maintained by the debt collector in *Edwards* of intentionally violating the FDCPA, a policy that ultimately precluded its assertion of the bona fide error defense, is the complete opposite of the policy maintained by the Defendant in the instant case. Here, Defendant's policies specifically forbid, and their procedures seek to prevent, any and all messages from ever being left on answering machines or voicemails. Thus, unlike in *Edwards*, where the violation was in compliance with firm policy and therefore clearly intentional, the violation complained of in the case at bar was unintentional, as it was in direct opposition to Defendant's policies and made notwithstanding reasonable procedures in place to prevent such an error.

The Plaintiff also contends that Defendant fails to satisfy the bona fide element of the bona fide error defense. *See* Plaintiff's Reply [DE 28] at page 3-4. The Plaintiff claims that because subsequent to the alleged violation, Defendant performed a "litigation scrub" on the Plaintiff's name, discovered that the Plaintiff had been involved in sixteen (16) prior lawsuits against debt collection agencies including one against Defendant, and thereafter ceased collection efforts, Defendant's error could not have been bona fide. It is axiomatic that reducing exposure to litigation is a good business practice, and the mere fact that Defendant prefers not to attempt to collect debts from consumers who have previously filed suit against Defendant is in no way an admission to any unlawful activity, as the Plaintiff asserts in his Brief. Furthermore, the fact that the Plaintiff and Defendant have been involved in previous litigation could likely make the Plaintiff more sensitive than an average consumer to lawful collection practices, thus exposing Defendant to the threat of frivolous or vexatious litigation, which is a frequent and increasing burden debt collection industry.

Finally, the Plaintiff argues that the procedures implemented by Defendant are not reasonably designed to prevent the specific error at issue. *See* Plaintiff's Reply [DE 28] at page 4-7. Defendant has utilized the services of TCN in an effort to eliminate the risk of human error by implementing advanced computer software to conduct some of Defendant dialing operations. The TCN Dialer allows for a sophisticated computer system to be programmed to operate exactly the way Defendant specifies on nearly every call. This method of placing calls to consumers removes the element of "human error" and is therefore far superior to, and results in fewer errors than, any human dialer. The Plaintiff contends that because Defendant has employed this third-party software development company to operate and monitor the proprietary software autodialer, Defendant has failed to establish reasonable procedures to prevent Dialer errors from occurring. Plaintiff seems to believe that the more reasonable approach to ensuring that the Dialer is functioning properly is to have Defendant monitor the Dialer's functionality, rather than the software development company that developed and owns the Dialer, and who Defendant pays to operate it. Through advanced computer technologies and daily tests, TCN has verified the ability of the Dialer to function as programmed nearly without fail. The term "reasonable" is not synonymous with "perfect", and while Defendant concedes the Dialer's performance is not perfect, the low rate at which Dialer errors do occur, make Defendant procedures for preventing these errors "reasonable", which is the standard the FDCPA sets forth for the bona fide error defense. The Plaintiff's contention that "[t]he FDCPA does not allow debt collectors to violate the law some of the time", ignores the plain language of 15 USC §1692k(c), which specifically contemplates that mistakes will be made and provides for relief from liability for debt collectors who can

establish the elements of the bona fide error defense by a preponderance of the evidence. Defendant in the instant case has established these elements by the burden of proof required, and is therefore entitled to summary judgment as to Counts I and II.

Additionally, the Plaintiff has contested Defendant's alternative argument that a single call is insufficient to constitute a violation of 15 USC §1692d(6). *See* Plaintiff's Reply [DE 28] at page 7-8. In addition to claiming the referenced Southern District decision was erroneous, the Plaintiff has overlooked the fact that the intent of 15 USC §1692d is to prevent "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The Plaintiff's claim that a single call can rise to the level of the wrongful conduct sought to be prevented by §1692d is frivolous. "[§1692d] prohibits a debtor's tender sensibilities only from oppressive and outrageous conduct. Some inconvenience or embarrassment to the debtor is a natural consequence of debt collection." *Bieber v. Associated Collection Services, Inc.*, 631 F.Supp. 1410, 1417 (D. Kan 1986). In *Bieber*, the defendant debt collector phoned a debtor and, after being informed that the debtor was represented by counsel, asked if the debtor if she was planning to file a petition in bankruptcy. *Id.* The debtor subsequently filed suit under §1692d. The court held that while this additional communication with the debtor after the debt collector became aware that the debtor had an attorney was a violation of the FDCPA, the "inquiry was not oppressive or outrageous" and the defendant was entitled to summary judgment. *Id.* Defendant's conduct in the instant case is similar to, if not less intrusive than, that of the defendant in *Bieber*. Accordingly, the court must find that the natural consequence of Defendant's

conduct was not to harass, oppress, or abuse, and Defendant is therefore entitled to judgment as matter of law.

### 2. Defendant is entitled to summary judgment with regard to Plaintiff's FDCPA Claims in Count IV.

In the Plaintiff's reply, the Plaintiff first contends that the question of what is and what is not harassing is essentially <u>always</u> a jury question. *See* Plaintiff's Reply [DE 28] at page 8. Were this contention correct, summary judgment could never be granted, either to plaintiffs or defendants, in claims asserted under 15 U.S.C. §1692d. This is obviously not accurate as various courts have granted summary judgment on similar claims. *See, e.g., Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168 (11th Cir. 1985); *Mammen v. Bronson & Migliaccio, LLP,* 2009 WL 6551495 (M.D. Fla.); *Bieber*, 631 F.Supp. 1410; *Beattie v. D.M. Collections, Inc.,* 754 F.Supp 383 (D. Del 1991). Specifically, courts have held that "[a]lthough there is no bright-line rule, certain conduct generally is found to either constitute harassment, or raise an issue of fact as to whether the conduct constitutes harassment, while other conduct fails to establish harassment as a matter of law." *Waite v. Financial Recovery Services, Inc.,* No. 8:09-cv-02336-T-33AEP, 2010 WL 5209350 (M.D. Fla. Dec. 16, 2010).

Next, the Plaintiff argues that Defendant has misrepresented the Plaintiff's intentions by claiming that the Plaintiff seeks to construct a relationship between the FDCPA and the Telephone Consumer Protection Act, 47 USC §227, *et seq* ("TCPA"), in which a violation of one would constitute a violation of the other. *See* Plaintiff's Reply [DE 28] at page 8. The Plaintiff asserts that he is not seeking to establish a relationship between the two, but claims that the same conduct can violate both acts. *Id.* Defendant

concedes that certain conduct could violate both acts independently, however the Plaintiff has failed either in his complaint or in his reply to explain why, in this case, Defendant's placement of a single call to the Plaintiff using an automated dialing system constitutes conduct the natural consequence of which is to harass, oppress, or abuse, and therein violates §1692d. The plaintiff seeks to validate his argument through analogies in *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185 (11th Cir. 2010), and *Clarke, Kerrjoe N. v Weltman,Weinberg & Reis, Co., et al.,* Case No.: 10-60600-civ-Cohn/Seltzer (S.D. Fla July 15, 2010) (Order Denying Defendants' Motion to Dismiss). In *LeBlanc*, the Circuit Court held that a federal cause of action pursuant to the FDCPA is cognizable when premised on a violation of state law, namely the Florida Consumer Collection Practices Act or "FCCPA." 601 F.3d 1185, 1189-1190. In *Clarke*, this court found that it is permissible for the same facts to support multiple causes of action, and that the plaintiff's allegations in the complaint alleging violations of the TCPA and FDCPA were sufficiently pled to survive a *motion to dismiss*. Defendant concedes that the Plaintiff's claim has been properly pled, and is now seeking summary judgment. Through his arguments and case law, Plaintiff has merely established that it is "possible" for conduct to violate both the FDCPA and TCPA, but has stopped short of demonstrating why Defendant's conduct in the instant case does violate §1692d, i.e. "involves behavior intended to harass, upset, humiliate, or panic a debtor." *Chalik v. Westport Recovery Corp.,* 677 F.Supp.2d 1322, 1329-1330 (S.D. Fla. 2009). Because Defendant's conduct does not rise to the level that a reasonable jury could find harassing, oppressing, or abusive, Defendant is entitled to judgment as a matter of law with respect to Count IV of the Plaintiff's complaint.

### 3. Defendant is entitled to summary judgment with regard to Plaintiff's FCCPA Claims in Count V.

Defendant is entitled to summary judgment with respect to the Plaintiff's claim in Count V as Defendant made no "assertion" in its communication with Plaintiff. The statutory text of §559.72(9) is unambiguous, and a paramount rule of statutory interpretation is that when the intent of Congress is expressed in reasonably plain terms, a court must treat that language as conclusive. *U.S. v. Underhill*, 813 F.2d 105, 111(6th 1987). Plaintiff contents that "[t]he violative act is itself the assertion of the right to take the action." *See* Plaintiff's Reply [DE 28] at page 12. The plaintiff misunderstands the meaning of the word "assertion". Black's Law Dictionary defines "assertion" as "[a] declaration or allegation." Black's Law Dictionary 111 (7th ed. 2009). The plain, unambiguous statutory language of §559.72(9) makes no reference to an "act" alone, but requires the declaration of a legal right to act for liability to attach. Defendant has made no such declaration or "assertion" in this case. Contrary to the Plaintiff's position, Congress could not have intended that by forbidding a debt collector, under the FCCPA, to erroneously assert to a debtor that the debt collector has the legal right to act in some manner, an additional cause of action would arise under the FCCPA for violations that do not themselves violate the FCCPA, but other laws with separate remedies.

The Plaintiff cites case law which establishes that courts may look to other statutes to establish the legitimacy of a debt or the existence of a legal right. This does nothing to alter the meaning of Fla. Stat. §559.72(9), rather, it simply expounds on the sources from which a "legal right" can be derived when interpreting the Florida Statute. It is undisputed that the Plaintiff, as a consumer, is entitled to all the legal rights afforded to

him by consumer protection laws, and Defendant, as a debt collector, must act within the legal rights granted by the debt collection statutes. However, the Plaintiff has still failed to demonstrate that the Defendant ever made an assertion of any legal right which it did not possess. Because the Plaintiff has failed to establish that Defendant made any assertion of a legal right which it did not possess, the Plaintiff has failed to meet his burden of proof and cannot survive Defendant's motion for summary judgment with respect to Count V.

### 4. Defendant is entitled to summary judgment with regard to Plaintiff's FCCPA Claims in Count VI.

The Plaintiff has withdrawn the frequency allegation in his claim, and has asserted that the case law relied on by Defendant is erroneous and the issue of harassment is a jury question. *See* Plaintiff's Reply [DE 28] at page 16.

In his brief, the Plaintiff again overlooks the fact that, at the summary judgment stage, it is well within the courts discretion to find that the conduct complained of is insufficient to rise to a level that can reasonably be expected to abuse or harass a debtor. In *Dennis v. Regional Adjustment Bureau,* 2010 WL 3359369, 3 (S.D. Fla. 2010), this court held that the plaintiff's allegation that the defendant debt collector failed to disclose it is a debt collector could not constitute a violation of §559.72(7) because the plain language of the statute does not require such a disclosure, and granted the defendant's motion for summary judgment. Additionally, the Plaintiff's claim that Defendant's use of an automated dialing system is *per se* harassing has no merit. There is no case law to support this position, and Defendant, in its Motion for Partial Summary Judgment [DE 22], has cited case law stating exactly the opposite; i.e. the use of an automated dialing

system is not prohibited by §559.72(7). The plaintiff has set forth no set of facts that could allow a reasonable jury to conclude that the placement of a single call by an automated dialing system to the Plaintiff's phone constitutes the type of conduct prohibited by §559.72(7). Therefore, Defendant is entitled to summary judgment with respect to Count VI of the Plaintiff's complaint.

## II. Conclusion.

Based on the foregoing, Defendant is entitled to summary judgment on counts I, II, III, IV, V, and VI of the Complaint and dismissal of those counts with prejudice.

Submitted this 10th day of January, 2011.

Respectfully submitted by:

/s/ Dale T. Golden
DALE T. GOLDEN, ESQUIRE
Florida Bar No. 0094080
/s/ Charles J. McHale
Charles J. McHale, Esquire
Florida Bar No. 0026555
GOLDEN & SCAZ, PLLC
201 North Armenia Avenue
Tampa, FL  33609
Phone:  813-251-5500
Fax:  813-251-3675
Email: dale.golden@goldenscaz.com
Email: cmchale@goldenscaz.com
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on January ___, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 /s/ Charles J. McHale
Charles J. McHale, Esquire
Florida Bar No. 0026555